### SPEIGEL *v.* HAAK LUMBER CO.

TRESPASS—THEFT OF TIMBER—CONTRACT OF PAYMENT.
In assumpsit on an agreement to pay for timber stolen from plaintiff and sold to defendant, evidence examined, and *held*, sufficient to sustain a verdict for plaintiff.

Error to Saginaw; Beach, J. Submitted February 9, 1906. (Docket No. 130.) Decided April 3, 1906.

Assumpsit by Frederick F. Speigel against the Haak Lumber Company for goods sold and delivered. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Charles D. Barghoorn* (*Wesley W. Hyde*, of counsel), for appellant.

*Crane & Crane*, for appellee.

GRANT, J. This suit originated in justice's court, where the plaintiff recovered verdict and judgment for

$212.05. Defendant appealed to the circuit court, where the plaintiff again obtained judgment for a like amount, and defendant has brought it to this court for review.

Plaintiff seeks to recover the value of a certain amount of saw logs and ties taken from his land. He had cut some of the timber and had skidded it. One Mitchell took the timber cut, and also cut and took away more. He sold it to the defendant, hauled it to the railroad on plaintiff's banking ground, marked, and defendant had used, all the logs, but the ties defendant had not removed. On ascertaining the theft and trespass, plaintiff traced his property into the defendant's possession, with its marks upon it. He at once made claim to the defendant's agent, and subsequently to the secretary and treasurer of the defendant, at its office. He gave evidence of an agreement between himself and the defendant that defendant should take and pay for the timber. He also gave evidence of an agreement to pay 25 cents per thousand for the use of his banking ground and skids. His declaration was oral on the common counts in assumpsit. Plea was general issue, with notice of set-off. It was conceded that the logs and ties were cut from plaintiff's land.

There are 39 assignments of error. Counsel, however, group them under 6 claims:

1. There can be no recovery under the declaration, because the defendant had not trespassed upon the plaintiff's land, but had purchased the timber in good faith.

2. That there was no contract made to pay for the timber and the use of the banking ground, or for either.

3. That no recovery could be had for the use of the banking ground.

The other three grounds are substantially covered by the above.

It is also claimed that there was no evidence that one Hurlburt, the agent of the defendant, was authorized to hire a banking ground. A statement of the facts and a discussion would be no profit either to the parties or to the profession. It is sufficient to say that there was ample evi-

dence to sustain the finding of the jury.    In fact, the jury could not well have found otherwise.    We find no error in the rulings or instructions of the court.    The judgment is affirmed.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.